UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WB MUSIC CORP., PALABRAS DE ROMEO, and PREMIUM LATIN PUBLISHING, INC., <br><br>Plaintiffs,<br><br>vs.<br><br>TWIN CITIES ENTERTAINMENT, INC., and ESTEPHAN HARK,<br><br>Defendants. | Civil No. _____<br><br>**COMPLAINT** |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, defendant Twin Cities Entertainment, Inc. ("Twin Cities"), is a corporation organized under the laws of Minnesota, with a principal place of business at 2724 Edinbrook Terrace North, Brooklyn Park, Minnesota 55443.

6. At all times hereinafter mentioned Twin Cities did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Aqua Nightclub, located at 400 First Avenue N., Minneapolis, Minnesota, 55401.

7. Musical compositions were and are publicly performed at Aqua Nightclub.

8. On information and belief, defendant Estephan Youssef Hark ("Hark" and, together with Twin Cities, the "Defendants") is an individual with a place of residence in Minneapolis, Minnesota.

9. On information and belief, Hark is a principal and/or officer of Twin Cities.

10. At all times hereinafter mentioned, Hark was, and still is, responsible for the control, management, operation, and maintenance of the affairs of Twin Cities.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Aqua Nightclub, including the right and ability to supervise and control the public performance of musical compositions at Aqua Nightclub.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Aqua Nightclub.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 525,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since June 2010, ASCAP representatives have made more than 40 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Aqua Nightclub. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16. Defendants have refused all of ASCAP's license offers for Aqua Nightclub.

17. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Aqua Nightclub constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Aqua Nightclub, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The compositions named in causes of action 1 and 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

21. The composition named in cause of action 2 was registered as an unpublished work on the date stated in Column 5, and since the date of registration has been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the

exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Aqua Nightclub, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Aqua Nightclub of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Aqua Nightclub include the performances of the three copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Aqua Nightclub, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated:   August 25, 2015               By:  */s/ Peter M. Routhier*
                                            Leita Walker (#387095)
                                            Peter M. Routhier (#391488)
                                            FAEGRE BAKER DANIELS
                                            2200 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, Minnesota 55402-3901
                                            Telephone: (612) 766-7000
                                            Facsimile: (612) 766-1600
                                            E-Mail: leita.walker@faegrebd.com
                                            E-Mail: peter.routhier@faegrebd.com

                                            **Attorneys for Plaintiffs**